# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:03-CR-34(1) |
| | § | |
| TREMAINE RICHARDSON | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On July 30, 2012, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Jim Middleton. Defendant was represented by Summer McKeivier.

Tremaine Richardson ("Defendant") was sentenced on June 30, 2005, before The Honorable David Folsom of the Eastern District of Texas after being found guilty of the offense of Conspiracy to Possess with Intent to Deliver Cocaine Base, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 42 and a criminal history category of III, was 360 months to life. The Court found that the total amount of drugs attributed to Defendant in the presentence report was lower, which reduced the total offense level to 38. The Court also found that Defendant's criminal history category was overstated and departed to a criminal history category I. Therefore, the guideline imprisonment range, based on a total offense level of 38 and a criminal history category of I, was 235 to 293 months.

Defendant was subsequently sentenced to 235 months imprisonment followed by a five-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; mandatory drug testing; substance abuse aftercare; and a $100 special

assessment. On April 9, 2008, a motion filed by Defendant for a sentence reduction pursuant to 18 U.S.C. §3582(c)(2) was granted, reducing the sentence from 235 months to 188 months, with the five-year term of supervised release to follow. On April 15, 2008, a motion filed by the Government for a sentence reduction based on substantial assistance was granted. An Amended Judgment of Conviction was entered, reducing the previously imposed sentence from a period of imprisonment of 188 months to a term of imprisonment of 96 months, followed by the five-year term of supervised release.

On January 4, 2010, Defendant completed his period of imprisonment and began service of his supervision term in the Eastern District of Arkansas, Little Rock Division. On July 12, 2011, the Defendant transferred his supervision to the Eastern District of Texas in anticipation of the upcoming indictment in the Western District of Arkansas.

In its petition to revoke, the Government alleges Defendant violated the following conditions:

1) **Defendant shall not commit another federal, state, or local crime**. Specifically, the Government alleges on September 14, 2011, Defendant was indicted in the United States Grand Jury in the Western District of Arkansas under docket number 4:11CR-40037-HFB-10. Defendant was charged with Conspiracy to Distribute Cocaine Base and 3 counts of Distribution of Cocaine Base.

Defendant was arrested for the above-noted charges on October 19, 2011. On February 15, 2012, Defendant entered a plea of guilty to Count 40 of the indictment, Distribution of Cocaine Base. All remaining counts will be dismissed. Defendant remained detained in the Bi-State Justice Center pending sentencing.

2) **Defendant shall not illegally possess a controlled substance.** Specifically, the Government alleges as evidenced by the information contained in Count 40 of the indictment file

in the Western District of Arkansas on September 14, 2011, Defendant was in possession of a controlled substance, named crack cocaine, on at least one occasion.

3) **Defendant shall not leave the judicial district without the permission of the Court or the probation officer**. Specifically, the Government alleges as evidenced by the information contained in Count 40 of the indictment filed in the Western District of Arkansas on September 14, 2011, Defendant was in Texarkana, AR on or about January 15, 2011. Texarkana, AR is located in the Western District of Arkansas. Defendant was under the supervision of the U.S. Probation Office in Little Rock, AR, which is located in the Eastern District of Arkansas. Defendant did not have permission to be in Texarkana, AR.

The Court scheduled a revocation hearing July 30, 2012. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to the first allegation. The Government dismissed the remaining allegations. Based upon Defendant's plea of true to the first allegation, the Court found Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The Court thereafter recommended that the term of supervised release be revoked and the sentence, which was agreed upon by the parties, be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is recommended that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months, to run consecutively to the sentence imposed in the Western District of Arkansas Case No. 4:11CR-40037-HFB-10, with no term of supervised release to follow said term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the first allegation be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**.  It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months, to run consecutively to the sentence imposed in the Western District of Arkansas Case No. 4:11CR-40037-HFB-10, with no term of supervised release to follow said term of imprisonment.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.  Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed.  Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.